# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TIMOTHY E. BUTLER, on behalf of
ALISA G. BUTLER, his wife,

            Plaintiff,

v.                                            Case No. 06-CV-351

DIVERSIFIED COLLECTION, INC.,

            Defendant.

## ORDER

On March 22, 2006, pro se plaintiff Timothy Butler filed a complaint alleging that his wife, Alisa Butler, was deprived of due process when the defendant sent her an allegedly illegal debt collection notice and made harassing telephone calls to Alisa Butler's mother. In connection with his complaint, Timothy Butler filed a request for leave to proceed in forma pauperis.

Title 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342-43 (1948)). To authorize a litigant to proceed *in forma pauperis*, the court must first determine that the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a). Second, the court must determine that the action is neither frivolous nor malicious, does not fail to state a claim, and does not seek monetary damages against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). In making the latter determination, the court must give a pro se plaintiff's allegations,

"however inartfully pleaded," a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The plaintiff's petition for leave to proceed in forma pauperis indicates that the plaintiff and his wife own their residence, have a total monthly income of $1,200, and have monthly expenses totaling $3,450. The petition also indicates that the plaintiff and his wife are unemployed, have no savings, and are responsible for the support of two children. Based on the plaintiff's petition, the court concludes that the plaintiff has demonstrated an inability to pay the $250 filing fee. Thus, the court will now screen the plaintiff's complaint pursuant to § 1915(e)(2).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (U.S. 1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *see Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (U.S. 1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (U.S. 1969).

The plaintiff seeks to have the defendant notify the credit reporting agencies that he, Timothy Butler, has never had a student loan and to remove any records of such a loan, to remove records of student loans from Alisa Butler's credit report, to refund all funds collected by the defendant from the plaintiff, to prevent the defendant from garnishing the plaintiff's federal and state tax returns, and $350,000

in damages for pain and suffering, and for "deception and trickery" used to collect a debt. (Compl., 3-4.)

There may be some question as to whether Timothy Butler has standing to bring the claims set forth in the complaint. The complaint does not make it clear if the defendant's allegedly improper debt collection practices were directed towards the plaintiff, his wife, and her mother, or were solely directed towards the plaintiff's wife and her mother. Regardless, many courts have held that the Fair Debt Collection Practices Act applies to non-debtors as well as debtors who have been harmed by improper debt collection practice. See *Flowers v. Accelerated Bureau of Collections*, 1997 U.S. Dist. LEXIS 3354 at *21, 1997 WL 136313 (N.D. Ill. March 13,1997) (citing *Dutton v. Wolhar*, 809 F. Supp. 1130, 1134-35 (D. Del. 1992); *Wright v. Finance Serv. of Norwalk, Inc.*, 22 F.3d 647, 650 (6th Cir. 1994); *Riveria v. MAB Collections, Inc.*, 682 F. Supp. 174, 175 (W.D.N.Y. 1988)). As such, construing the pleading in the light most favorable to the plaintiff, and resolving all doubts in the plaintiff's favor, the court concludes that the plaintiff's complaint does not warrant dismissal under § 1915(e)(2).

Accordingly,

**IT IS ORDERED** that Butler's petition to proceed in forma pauperis (Docket #2) be and the same is hereby **GRANTED**.

Dated at Milwaukee, Wisconsin, this 29th day of March, 2006.

BY THE COURT:

s/J.P. Stadtmueller
J.P. STADTMUELLER
U.S. District Judge