# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TIMOTHY E. BUTLER,**
        **Plaintiff,**

      v.                                       **Case No. 06-CV-351**

**DIVERSIFIED COLLECTION, INC.,**
        **Defendant.**

## ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE

On September 15, 2006, this court conducted a scheduling conference. Following that conference, the court ordered the plaintiff to file amended pleadings or a motion for dismissal no later than October 16, 2006. (Docket No. 21.) The reason for such action was an acknowledgment by the plaintiff that the person who obtained the loan which was the subject of the credit action is Alisa Butler. Therefore, the parties agreed that the complaint should either be amended or the action dismissed on behalf of Timothy Butler.

The plaintiff failed to comply with the court's order and on January 12, 2007, this court ordered that within 14 days the plaintiff shall either 1) comply with the court's order, or 2) provide to this court any explanation he may wish to offer for his failure to comply with this court's order and why sanctions, including a dismissal for failure to prosecute, should not be imposed. Again, the plaintiff has failed to comply with this court's order and has provided no response.

Civil L.R. 41.3 provides that "[w]henever it appears to the Court that the plaintiff is not diligently prosecuting the action, the Court may enter an order of dismissal with or without prejudice." Furthermore, "District courts inherently possess the authority to dismiss a case sua sponte for want of prosecution." Williams v. Chicago Bd. of Educ., 155 F.3d 853, 857 (7th Cir. 1998) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962)). Dismissal may be a harsh

sanction, but in this case, the plaintiff was more than adequately warned and still failed to advance the case.

Having left the court with no other alternative, dismissal for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b), Civil L.R. 41.3, is an appropriate sanction to impose. On January 12, 2007, this court explicitly warned the plaintiff that the court was considering sanctions, including dismissal for failure to prosecute. The plaintiff was ordered to respond but again failed to do so.

Additionally, the court believes this sanction is appropriate in light of the merits, or lack thereof, of the plaintiff's action. This action was initiated under 42 U.S.C. § 1983 by a pro se plaintiff seeking compensation for the defendant's alleged efforts to collect a debt from the plaintiff's wife that the plaintiff alleges his wife did not owe. On September 5, 2006, Attorney Leroy Jones filed a notice of appearance on behalf of the plaintiff.

During a September 15, 2006 scheduling conference, Attorney Jones agreed that the complaint should be amended if the action was to proceed. Even with that amendment, the defendant's position was that it did not engage in any credit reporting. Therefore, the court ordered that the complaint be amended or a motion to dismiss filed by October 16, 2006. It may be that the plaintiff's failure to amend is a recognition that the action lacks merit.

**IT IS THEREFORE ORDERED** that this complaint is **dismissed with prejudice** pursuant to Federal Rule of Civil Procedure 41(b).

Dated at Milwaukee, Wisconsin this 29th day of January, 2007.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge
